■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FREDERICK FOSS McELROY, Appellant.— Appeal from an order of the County Court of Albany County which denied without a hearing the appellant's application for a writ of *coram nobis.* The appellant was convicted of murder, second degree, on April 6, 1951 and sentenced on April 12, 1951 to from 35 years to life. A notice of appeal was filed but the appeal was not heard until the February 1959 Term of this court. In the interim, in 1953, the appellant made a petition for a writ of *coram nobis* on substantially the same grounds as the present petition. That petition was denied on the ground that an appeal was pending and that the petition dealt primarily with matters of evidence at the trial which could be raised on the appeal. In March, 1959 this court unanimously affirmed the conviction (8 A D 2d 546). The Court of Appeals subsequently affirmed unanimously (7 N Y 2d 1036). The present petition for *coram nobis* was made on June 16, 1959 and alleged that the District Attorney knowingly presented perjured testimony and fabricated evidence to the court. The appellant presented with the petition an affidavit from his sister that he had not left her home until 5:45 A.M. on the morning of the crime (the police officers testified that he had arrived at the police station at 5:30), the statements allegedly taken from the appellant and a letter from the Coroner stating the autopsy was performed at 8:00 A.M. on February 16, 1950. The petition was opposed by an affidavit by an Assistant District Attorney stating that a previous application on the same issues was denied, that the claimed errors go only to the weight of the evidence and that it was not a proper case for *coram nobis.* The court below in denying the petition stated, "There is nothing in this current petition that has neither been previously passed upon by this court nor is a matter for appeal." The knowing use of perjured testimony and fabricated evidence by a District Attorney would present a proper case for a writ of *coram nobis,* but there are two reasons why the present application was properly denied without a hearing. The first is, that the allegations and evidence presented by the appellant do not bring the case within the above category and secondly these questions now raised by the appellant could have been raised by him in his appeals from the conviction. The appellant's petition primarily raises questions of conflicting statements by police officers and also goes into the time element in detail, attempting to show the impossibility of their being in certain places as they testified they were. All these questions were for the jury to determine. The affidavit of the appellant's sister to the effect that he didn't leave her house until after the time he allegedly arrived at police headquarters is evidence of which the appellant was aware of at the time of trial and which should have been presented then. The appellant alleges that the Coroner who was listed as a witness to a statement given at the police station at 7:55 A.M. on February 16, 1950 could not have been present and submits a letter from the Coroner stating that he was present at the autopsy which was performed at a funeral

home at 8:00 A.M. that same morning. This, of course, does not demonstrate that there was any perjured testimony knowingly used by the District Attorney and while the distance between the police station and the funeral home does not appear here, it would seem that the evidence presented by the appellant makes the Coroner's presence at both places neither impossible nor improbable. In any event this question should have been raised at the trial and at the latest on appeal for the appellant received the letter from the Coroner in 1953. Thus the appellant's petition does not present a case of perjured testimony and fabricated evidence knowingly used nor does it raise any issues entitling him to a hearing but rather presents questions of fact and credibility which were passed on by the jury. It is also clear that the appellant was in possession of all the evidence presented with his present petition at the time that his appeals were argued in this court and the Court of Appeals. Order unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.