Per Curiam.

When the defendant was on trial in 1938 under an indictment charging murder in the first degree, the witness Bose called on behalf of the People falsely denied upon cross-examination that he had made any statements in the presence of a District Attorney’s stenographer more than a week before the trial when, in fact, he had previously made such statements, containing material inconsistencies, on May 25, 1937, on June 4, 1937, and on March 5, 1938.
The failure of the prosecutor to make any effort to correct this falsehood and to afford the court or defense counsel an opportunity to examine those statements, which were in his possession, in effect amounted to a suppression of such material *433 and prejudiced the defendant in his right to a fair trial (People v. Mangi, 10 N Y 2d 86; People v. Savvides, 1 N Y 2d 554; White v. Ragen, 324 U. S. 760; Pyle v. Kansas, 317 U. S. 213; Mooney v. Holohan, 294 U. S. 103). We decide no other question. The order appealed from should be reversed, the writ of error coram nobis sustained and the appellant remanded for a new trial.
Chief Judge Desmond and Judges Dye, Froessel, Van Voorhis, Burke and Foster concur; Judge Fuld taking no part.
Order of Appellate Division (affirming denial of coram nobis after a murder first degree conviction commuted to life imprisonment) reversed and matter remitted to the Court of General Sessions for further proceedings in accordance with the opinion herein.