Frank A. LOPEZ, as next of friend, attorney for and in Behalf of Carmen GARCIA, Petitioner-Appellee,

v.

Phyllis CURRY, Correctional Superintendent, Bedford Hills Correctional Facility, Bedford Hills, New York, or anyone having custody and/or control of Carmen Garcia, Respondent-Appellant.

No. 182, Docket 78–2083.

United States Court of Appeals, Second Circuit.

Argued Aug. 31, 1978.

Decided Sept. 15, 1978.

Frank A. Lopez, New York City, for petitioner-appellee.

Mark C. Rutzick, Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen. of the State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., New York City, of counsel), for respondent-appellant.

Before KAUFMAN, Chief Judge, LUMBARD and MULLIGAN, Circuit Judges.

**IRVING R. KAUFMAN, Chief Judge:**

Aware of the limits of mortal knowledge, legislatures often enact statutes ordaining that proof of one fact shall imply existence of another. But the link between the proven fact and the presumed one must not be tenuous nor may it invade the fact-finding province of the jury.

In this case Carmen Garcia challenges a State conviction based upon N.Y.Penal Law § 220.25(1), which declares that presence of narcotics in an automobile "is presumptive evidence of knowing possession thereof by each and every person in the automobile at the time such controlled substance was found." Judge Stewart found the statute unconstitutional on its face and as applied to Garcia, and granted her habeas corpus petition. Although we uphold the statute, as authoritatively construed by New York State's highest court, we find that the State trial judge's instructions encroached upon the jury's duty to find proof of possession beyond a reasonable doubt. Accordingly, we affirm the judgment of the district court.

I.

The facts necessary for an understanding of Garcia's contentions are clear from the state record, and they may be briefly limned. On September 22, 1971, New York City police received a telephone tip[1] that a gold-colored 1969 Chevrolet, bearing Florida license plates and carrying a kilogram of cocaine, would be on the Brooklyn side of the Williamsburgh Bridge that afternoon at 4:00 p. m. A flying squad of narcotics detectives intercepted such a car soon after it crossed the bridge from Manhattan to Brooklyn. At the wheel of the Chevrolet was Jose Low. Widelto Leyva occupied the seat closest to the passenger door. Between them sat Garcia.

When Detectives Raymond Viera and John McClean reached the automobile, they

1. In the state courts the defendants argued that they had a right to know the identity of the informer. This issue is not presented by Garcia's habeas petition.

noticed a brown manila envelope protruding about three inches from under the right front seat, between Garcia and Leyva. Upon opening the envelope, which measured approximately 9″ × 12″ × ½″, Viera discovered two plastic packets containing a white powdery substance. As the informant had assured the authorities, the substance was almost precisely one kilogram of cocaine.

Low, Leyva, and Garcia were charged with knowing possession of a controlled substance and possession with intent to sell. They were tried together in Kings County Supreme Court before Justice Garbarino and a jury. Viera and McClean, corroborated by their partners in the arresting squad, testified to stopping the car and discovering the envelope. A chemist identified the substance in the plastic bags as cocaine, and the State rested. The only witness for the defense was Low, who testified that he had never met Garcia and Leyva before the day of the arrest and that he was driving them to Brooklyn as a favor to a friend.

The proof clearly established that all three defendants were present in the Chevrolet when the cocaine was discovered. To make the critical leap from "presence" to "knowing possession," the State relied heavily upon § 220.25(1). In his summation, Prosecutor Barra told the jury, "I merely have to prove automobile, presence, found contraband in that automobile. That is

what I must prove beyond a reasonable doubt." [2]

Justice Garbarino's charge echoed the prosecutor's view of the statute:

[U]pon proof of the presence of cocaine in the vehicle, and further upon proof that these three defendants were in the car with the cocaine at the time of the arrest, the Penal Law says in effect that from this evidence, each of the defendants in the automobile possessed the cocaine, knowingly possessed the cocaine.[3]

The trial judge did tell the jury that the State always bears the burden of proving the defendants guilty beyond a reasonable doubt and that the presumption did not affect this burden. In addition, he told the jury that the presumption could be overcome by defense evidence. But he charged that the State was entitled to its presumption unless the rebuttal evidence was "substantial" and "create[d] a reasonable doubt in your minds that the defendants knowingly possessed this cocaine."

■ The jury convicted all three defendants of possession, and Garcia and Leyva—but not Low—of possession with intent to sell. The Appellate Division affirmed, as did the Court of Appeals, *People v. Leyva*, 38 N.Y.2d 160, 379 N.Y.S.2d 30, 341 N.E.2d 546 (1975). Having exhausted her state remedies,[4] Garcia brought this petition for habeas corpus.[5] Judge Stewart granted the writ, and this appeal followed.

2. Shortly thereafter Barra repeated the point:
And the People rely on this presumption. And in the absence of a rebuttal. Presumption, having proved the automobile, the presence, the contraband in the car, I say that I have proven the guilt of each of these defendants beyond a reasonable doubt . . .
Justice Garbarino overruled defense objections to these statements.

3. Like the prosecutor, the judge stressed this point. He added:
In other words, what we are talking about now, is whether or not the People are entitled to the benefit of this presumption. And if they established it to your satisfaction the cocaine was in the car, the people were in the car at the time of the arrest, he's entitled to the presumption. He's entitled to the presumption which goes to their knowing of the

presence of that stuff in the car, and therefore charging them with possession.

4. The State claims that because Garcia did not seek Supreme Court appellate review after the failure of her state appeals, she has not exhausted her state remedies under 28 U.S.C. § 2254. *Fay v. Noia*, 372 U.S. 391, 435–36, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), eliminated this gloss on § 2254 concerning review by certiorari under 28 U.S.C. § 1257(3), and we decline to hold otherwise for appeals under § 1257(2).

5. The petition was brought through her attorney, Frank Lopez, in the Southern District of New York, where she is incarcerated. We reject the contention that Judge Stewart abused his discretion by refusing to change the venue of this petition to the Eastern District, where Leyva had sought habeas. *Leyva v. Superintendent*, 428 F.Supp. 1 (E.D.N.Y.1977), *vacated*

## II.

Although the ultimate question of constitutionality in a habeas corpus case is determined by the federal courts, we must assess the statute as authoritatively construed in this case by the Court of Appeals in *People v. Leyva, supra.* As we understand Judge Fuchsberg's opinion, it construed the statute as creating only a permissive presumption—that is, one authorizing, but not commanding, the jury to reach a certain conclusion from the proof of specified underlying facts. Even in the absence of rebuttal evidence by the defendants, the court held, "A jury is not to be told that it *must* find defendants guilty if the prosecution proves that they and drugs were present in a car together; it is only to be told that it *may* so find." 38 N.Y.2d at 167, 379 N.Y.S.2d at 36, 341 N.E.2d at 550. Thus, if properly applied, the presumption could not possibly operate as tantamount to a directed verdict against defendants. *Id.*[6]

The effect of § 220.25(1) is therefore the same as the presumption approved in *United States v. Gainey*, 380 U.S. 63, 70, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965), for it "simply means that a jury may, if it sees fit, convict upon such evidence, as it shall be deemed in law sufficient to authorize a conviction, but does not require such a result." (emphasis deleted) Since the decision whether to accept or reject the conclusions indicated by the presumption is thus entirely in the hands of the jury, the judge's only role is to make certain that the jury is not afforded an opportunity to reach a verdict of guilty on an irrational basis. *Tot v. United States*, 319 U.S. 463, 467, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943). For a presumption to meet this standard, it must "at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend." *Leary v. United States*, 395 U.S. 6, 36, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969).[7] In making this judicial assessment, we must "weigh heavily" the legislative determination favoring the particular presumption. *Id.*

In enacting § 220.25(1), the New York Legislature had the benefit of a comprehensive report by the Temporary State Commission to Evaluate the Drug Laws. The Commission—four state senators, three assemblymen, a judge, and a medical doctor—conducted seven days of public hearings throughout the state. Its subcommittee on Narcotic Drugs held an additional six days of hearings. Based on this extensive record, the Commission rejected the possibility

> that persons transporting dealership quantities of contraband are likely to go driving around with innocent friends or that they are likely to pick up strangers. We do not doubt that this can and does in fact occasionally happen, but because we find it more reasonable to believe that

---

*and remanded*, 573 F.2d 1292 (2d Cir. 1978). Leyva had been released by the time Garcia's petition was filed.

6. The presumption was intended "to enable the prosecution to make out a prima facie case," 38 N.Y.2d at 169, 379 N.Y.S.2d at 38, 341 N.E.2d at 552, and so was best classified in the category of "[p]ermissible inferences" or "statutorily authorized inferences," *id.* at 168, n. 3, 379 N.Y.S.2d 30, 341 N.E.2d 546.

7. In *United States v. Gonzalez*, 442 F.2d 698 (2d Cir. 1971) (en banc), *cert. denied sub nom. Ovalle v. United States*, 404 U.S. 845, 92 S.Ct. 146, 30 L.Ed.2d 81 (1971), we applied the *Leary* test to uphold, with respect to dealership quantities of cocaine, a statute authorizing presumptions of importation and knowledge of importation from the fact of possession. *See id.* at 710. We find no need to address the question left open in *Leary*, whether a presumption satisfying the "more likely than not" requirement must also comply with the criminal reasonable doubt standard. The Court in its most recent consideration of the matter explained that the latter test is met when "the evidence necessary to invoke the inference is sufficient for a rational juror to find the inferred fact beyond a reasonable doubt." *Barnes v. United States*, 412 U.S. 837, 843, 93 S.Ct. 2357, 2362, 37 L.Ed.2d 380 (1973). It *suggested*, moreover, that the two standards are separated by "variations in language and focus rather than [by] differences of substance." *Id.* We, in any event, conclude that the connection between proven and presumed facts established by § 220.25(1) is sufficient, as applied to dealership quantities of narcotics, to satisfy either formulation of the Constitutional requirement.

the bare presence in the vehicle is culpable, we think it reasonable to presume culpability in the direction which the proven facts already point.

■ The Legislature therefore had justification to find that those discovered in an automobile with dealership quantities of controlled substances are more likely than not to have knowing possession of the drugs.[8] Accordingly, we hold § 220.25(1) to be constitutional as applied to such large quantities of narcotics. *Compare Gonzalez, supra,* 442 F.2d at 710.

### III.

■ That § 220.25(1) is constitutional as applied to this case does not end our inquiry, however, for the jury was guided by the construction of the statute made in Justice Garbarino's courtroom. Although the Court of Appeals concluded that the jury charge "conveyed the requisite permissiveness with respect to use of a presumption and, therefore, was acceptable," 38 N.Y.2d at 171, 397 N.Y.S.2d at 39, 341 N.E.2d at 553, a careful reading of the trial judge's charge leads us to conclude otherwise.

Justice Garbarino charged that "the Penal Law says in effect that from this evidence [that both the cocaine and the defendants were present in the automobile] each of the defendants possessed the cocaine, knowingly possessed the cocaine." If the foundation was laid, he added, the state was "entitled to the presumption . . . charging them with possession."

These instructions ran afoul of the guarantee of *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970), that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." Since possession "is an ingredient of the crime charged, its existence is a question of fact which must be submitted to the jury." *Morisette v. United States,* 342 U.S. 246, 274, 72 S.Ct. 240, 255, 96 L.Ed. 288 (1952). It was, accordingly, for the jury in this case to decide not only whether the foundation of presence was properly laid, but also whether the critical leap to a conclusion of possession beyond a reasonable doubt was appropriate. Given the inviolable function of the jury as a trier of fact, *Morisette* instructed, "[i]t follows that the trial court may not withdraw or prejudge the issue by instruction that the law raises a presumption" of an element of the crime from proof of an underlying fact. *Id.*

Justice Garbarino did precisely that by explaining that upon proof of the defendants' presence in a car with cocaine § 220.25(1) "says in effect" that each of the defendants knowingly possessed the narcotics. The prosecution, he said, was then "entitled to the presumption . . . charging them with possession." And this error was not cured but rather compounded by his additional instruction that the defendants could rebut the presumption. In charging that defendants were required to come forward with evidence that would "raise a reasonable doubt in your minds that the defendants possessed this cocaine," the trial judge clearly shifted the burden of proof on the element of knowing possession. This was error—and of manifest constitutional dimension. *Winship, supra.* No matter how persuasive the evidence of guilt may

---

**8.** This suffices to distinguish the present case from *Allen v. County Court,* 568 F.2d 998 (2d Cir. 1977). In *Allen,* we invalidated N.Y. Penal Law § 265.15(3), which in language nearly identical to that of § 220.25(1) made presence in a car with a firearm presumptive evidence of possession. Noting the absence of legislative findings to support the presumption, we found no rational basis for the inference of possession from presence. The holding, however, carefully distinguished the case of § 220.25(1), 568 F.2d at 1008 n. 18, because of the legislative history of the narcotics presumption. In addition, because the presence of drugs in an automobile is more suspicious than the presence of a gun, the likelihood of an occupant's innocence is correspondingly less when the contraband in question is narcotics and not firearms. *Id.* Finally, Judge Fuchsberg, who wrote the *Leyva* opinion, dissented from the state court opinion upholding the firearms presumption. *See People v. Lemmons,* 40 N.Y.2d 505, 506, 387 N.Y.S.2d 97, 104, 354 N.E.2d 836, 843 (1976).

seem to the court, a defendant does not carry the burden of disputing it, nor does his failure to offer evidence on an element of the crime change or satisfy the prosecutor's burden. *United States v. Hall*, 525 F.2d 1254, 1256 (5th Cir. 1976); *DeCecco v. United States*, 338 F.2d 797, 798 (1st Cir. 1964).

The remainder of the charge did not ameliorate the fatal flaws in Justice Garbarino's instructions on the presumption.[9] As in *United States v. Robinson*, 545 F.2d 301, 306 (2d Cir. 1976), "[T]he instructions on the burden of proof beyond a reasonable doubt were general in nature, while the [instructions on the statutory presumption were] specific. We cannot conclude that the jury ignored the specific, erroneous instruction."[10] Indeed, after deliberating for a period, the jury asked Justice Garbarino for further instructions on the presumption. "When a jury makes explicit its difficulties a trial judge should clear them away with concrete accuracy," *Bollenbach v. United States*, 326 U.S. 607, 612–3, 66 S.Ct. 402, 405, 90 L.Ed. 350 (1946), but instead the judge, over the objections of counsel for all three defendants, merely repeated the substance of his earlier charge. Once again, he said that from "the mere fact that [the

defendants] were arrested in the vehicle at the time that the cocaine was found," the People "get the benefit of the presumption," so that, although rebuttal was possible, "no proof is needed." After the foreman assured the judge that this exegesis would allow the jury to proceed, the jurors resumed their deliberations. Shortly thereafter, they indicated that they had reached agreement on the possession charges.

The faulty instruction therefore "so infected the entire trial that the resulting conviction[s] violate[d] due process." *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). Accordingly, Judge Stewart's grant of Garcia's habeas corpus petition is affirmed.[11]

---

**9.** *Cf. Cupp v. Naughten*, 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). *Cupp* upheld, over objections to the trial judge's instruction that every witness is presumed to speak the truth, a state robbery conviction reached on the basis of eyewitness testimony. But the Court interpreted the instruction only as an attempt to "give [the jury] some guidance" in evaluating the testimony, 414 U.S. at 149, 94 S.Ct. 396. The trial judge in *Cupp* explicitly instructed that the presumption might be overcome by the manner and nature of the witness's own testimony—unlike this case, where Justice Garbarino did not charge that the jury could reject the conclusion of possession indicated by § 220.-25(1) because of the manner and nature of the presence as proven by the State. Indeed, whereas *Cupp* carefully pointed out that the trial judge had relieved the defendant of "undue pressure" to present testimony "under the belief that only positive testimony could engender disbelief of the State's witnesses," 414 U.S. at 149, 94 S.Ct. at 401, Justice Garbarino explicitly told counsel that he saw "no authority for the statement that the direct of the People can also be used as satisfying the requirements of the defendants coming forth to rebut." The presumption accepted in *Cupp*, in short, was

intended "to get the jury off dead center," 414 U.S. at 149, 94 S.Ct. at 401, but the one we now reject carried the jurors all the way to a conclusion.

**10.** Accordingly, we cannot accept the contention of the New York Court of Appeals that the jury charge, while concededly lacking in precision, read as a whole passed constitutional muster. 38 N.Y.2d at 170, 397 N.Y.S.2d 30, 341 N.E.2d 546. This conclusion, which also disposes of the State's claim that any error in Justice Garbarino's charge was harmless, *cf. Stubbs v. Smith*, 533 F.2d 64, 70–71 (2d Cir. 1976), is fortified by the fact that Justice Garbarino overruled timely objections to Prosecutor Barra's insistence that he need only show the presence of the cocaine and the defendants in the car to prove guilt beyond a reasonable doubt.

**11.** Since Judge Stewart ordered that the writ should issue only if Garcia were not retried within 60 days and also stayed the writ pending this appeal, the State will have 60 days after the issuance of our mandate to retry Garcia.