OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the matter remitted to the trial court for a hearing on defendant’s motion to vacate his judgment of conviction.
Defendant’s conviction by jury for murder in the second degree and criminal possession of a weapon in the second degree having been affirmed (People v Qualls, 55 NY2d 733), defendant moved pursuant to CPL 440.10 to set aside the judgment of conviction on the ground of prosecutorial misconduct. Specifically, defendant argued that the District Attorney knowingly used perjured testimony and failed to disclose the existence of an express agreement between the prosecutor and the witness that the People would recommend the minimum sentence on the witness’s unrelated pending charge in exchange for favorable testimony in this and another homicide case (see, People v Cwikla, 46 NY2d 434; People v Mangi, 10 NY2d 86; People v Zimmerman, 10 NY2d 430; People v Savvides, 1 NY2d 554). Supreme Court denied defendant’s motion without a hearing on the ground that "[although facts in support of the ground * * * raised upon the motion could with due diligence by the defendant have readily been made to appear on the record in a manner providing adequate basis for review * * * upon [direct] appeal from the judgment, the *865 defendant unjustifiably failed to adduce such matter prior to sentence” as is required by CPL 440.10 (3) (a) (People v Friedgood, 58 NY2d 467, 471). The Appellate Division affirmed.
We conclude, however, that the trial court abused its discretion in denying defendant’s motion without a hearing (People v Friedgood, 58 NY2d 467, 470, supra; People v Brown, 56 NY2d 242). At defendant’s trial, the People relied on the testimony of one Eugene Rambert who had been previously convicted of several offenses and was awaiting sentence on another charge. After Rambert’s direct examination, defense counsel requested a side bar at which time he asked the prosecutor "what deal or what arrangements if any or what promises if any were made by either counsel or anyone in his office or anyone in the prosecutor’s staff * * * [or] copies of any transcript, letters or anything that was done on behalf of [Rambert] that might have induced him to testify [falsely]”. The prosecutor responded that the "People will at [the] time of [Rambert’s] sentence recommend that this be taken into consideration. No other promises have been made * * * We made no promises.” Rambert’s testimony also reflected these to be the terms of the agreement, and during summation, the prosecutor argued to the jury that "[t]he only promise made to [Rambert] was that the People would, at the time he was sentenced, tell the court the full extent of his cooperation”. Defense counsel was entitled to rely on the representation of the prosecutor — an officer of the court — that there were no other or specific promises made. When this was confirmed by the witness’s testimony and reaffirmed by the prosecutor himself in summation, there was no reason for defense counsel to question the veracity of the prosecutor’s representation to the court.
Moreover, it appears defendant could not have discovered with due diligence before his sentencing that the terms of the People’s agreement with Rambert may have been otherwise. The Legal Aid Society was assigned to prosecute defendant’s appeal and the appeal of one Raymond Tinsley — the other homicide case in which Rambert testified on behalf of the People. Only when Legal Aid received Tinsley’s trial transcripts — long after defendant had been sentenced — was it discovered that Rambert had testified at that trial that he had been promised that the District Attorney’s office would do whatever it could to have Rambert’s pending sentence reduced from the bargained-for term of 5 Vz to 11 years to a term of *866 IV2 to 3 years in exchange for his testimony at the Tinsley trial and against this defendant. In opposition to the instant motion, the People submitted an affirmation from the trial assistant, who had been in charge of the Rambert prosecution and who, prior to the Tinsley trial, had made the purported agreement with Rambert. That affirmation set forth the following: "The undersigned made a verbal agreement with Eugene Rambert that if he cooperated with the prosecution it would innure [sic] to his benefit and reduce his sentence. The undersigned did not make a specific promise to Eugene Rambert in terms of his final sentence”. Significantly, it appears from defendant’s submissions on this motion that prior to defendant’s trial, the trial assistant in charge of Rambert’s case, in consultation with the trial assistant in charge of this defendant’s case, arranged for Rambert’s parole pending sentence, and at Rambert’s sentencing recommended a IV2- to 3-year period of incarceration — the precise sentence that Rambert testified, at the Tinsley trial, had been promised.
Thus, on these submissions it appears that defendant’s failure to bring to light the underlying facts of the alleged prosecutorial misconduct before his sentencing was not through lack of due diligence, and that issues of fact were raised as to whether there was indeed a specific promise made to Rambert to secure a further reduction of his sentence to 1 Vi to 3 years, and whether the facts in respect thereto were incompletely represented at trial (see, People v Mangi, 10 NY2d 86, supra; People v Savvides, 1 NY2d 554, supra). The trial court therefore erred in denying defendant’s motion without a hearing.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order reversed and matter remitted to Supreme Court, Bronx County, for a hearing in a memorandum.