■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANCLE GRICE, Respondent.—Order, Supreme Court, New York County (Budd G. Goodman, J.), entered April 16, 1992, granting defendant's motion pursuant to CPL 440.10 to vacate his October 30, 1980 judgment of conviction for murder in the second degree, and ordering a new trial, unanimously affirmed.

The record is clear that the prosecutor herein did not ascertain and disclose the full details of a cooperation agreement entered into by a material witness in this case in connection with a then pending Bronx County case, following a recommendation made by the prosecutor herein *(People v Conlan,* 146 AD2d 319, 331). The lack of bad faith on the part of the prosecutor is immaterial *(Giglio v United States,* 405 US 150, 153-154). It was incumbent upon the prosecutor herein to investigate and disclose a substantially beneficial plea promise made to the cooperating witness in the presence of, and with the consent of, the trial assistant handling the cooperating witness' pending Bronx County case, so that the jury herein could properly evaluate that benefit in the context of evaluating the cooperating witness' credibility *(People v Novoa,* 70 NY2d 490, 496-497). Contrary to the People's argument on appeal, the defendant was entitled to rely upon the representation made by the prosecutor, affirmed by the cooperating witness' testimony and brought to the jury's attention during the prosecutor's summation, that the cooperating witness was promised no more than that his cooperation would be brought to the attention of the Bronx District Attorney's office *(People v Qualls,* 70 NY2d 863, 865). In light of conflicting eyewitness testimony at trial, the trial court properly found a reasonable possibility that the prosecutor's failure to ascertain and disclose the full details of the cooperation agreement, as *Brady* material, contributed to the verdict herein *(People v Vilardi,* 76 NY2d 67, 77). Concur—Sullivan, J. P., Ellerin, Wallach, Kupferman and Ross, JJ.