■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY ROSS, Appellant. [733 NYS2d 177] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J., at hearing; Lawrence Bernstein, J., at jury trial and sentence), rendered February 29, 1996, convicting defendant of murder in the second degree, robbery in the first degree (three counts), criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a persistent felony offender, to an aggregate term of 25 years to life, unanimously affirmed. Order, same court (Lawrence Bernstein, J.), entered on or about October 20, 1998, which denied defendant's motion pursuant to CPL 440.10 to vacate his conviction, unanimously affirmed.

Defendant's motion to suppress the showup, lineup and in-court identifications was properly denied. The showup was conducted in close spatial and temporal proximity to the crime and was not conducted in an unduly suggestive manner (see, People v Ortiz, 90 NY2d 533, 537). Furthermore, there was nothing suggestive about the lineups. Defendant's challenge to the spontaneous in-court identification by a witness who had not been involved in any out-of-court identification procedures is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find it unavailing. Defendant's various challenges to the reliability of the identification evidence go to the weight to be afforded such evidence by the jury and not to its admissibility.

Defendant's motion to suppress physical evidence was properly denied. Since the police properly chased defendant based on the information in their possession coupled with defendant's flight, his abandonment of a gun was not the result of unlawful police conduct (see, People v Leung, 68 NY2d 734, 737). The physical evidence found on defendant's person was

properly recovered incident to a lawful arrest pursuant to the "fellow officer" rule (*see, People v Ketcham*, 93 NY2d 416, 419-420).

The motion court properly denied defendant's motion to vacate his conviction. Defendant offered no evidence that a victim-witness received any promise or understanding regarding lenient treatment in her drug case. This issue was fully explored at trial and defendant's speculative assertions are unsupported by the record (*compare, People v Qualls*, 70 NY2d 863). The record on this motion includes a specific denial by the Assistant District Attorney that there was any such agreement.

We have considered and rejected defendant's remaining claims, including those contained in his *pro se* supplemental brief. Concur—Rosenberger, J. P., Nardelli, Ellerin, Lerner and Saxe, JJ.