■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH LEE RAMPERSANT, Appellant. [708 NYS2d 70] —Judg-

ment, Supreme Court, New York County (Renee White, J., at hearing; John Bradley, J., at plea and sentence), rendered November 16, 1998, convicting defendant of attempted criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

Defendant's suppression motion was properly denied. The observing officer's transmission established probable cause for defendant's arrest. The description of a black man wearing a bright yellow jacket and black pants was sufficiently specific, particularly since defendant was arrested at the specified location shortly after the drug sale and was the only person present matching the description (*see, People v Acevedo*, 181 AD2d 596, *lv denied* 79 NY2d 1045; *People v Moczo*, 174 AD2d 365, *lv denied* 78 NY2d 1013).

Defendant's request for a *Wade* hearing was properly denied (*see, People v Wharton*, 74 NY2d 921). The planned, expected identification by a police officer, minutes after observing defendant engage in a drug transaction, was a confirmatory police procedure (*see, People v Broadwater*, 248 AD2d 719, *lv denied* 92 NY2d 848; *People v Cordero*, 227 AD2d 290, *lv denied* 88 NY2d 1020; *People v Perez*, 202 AD2d 319, *lv denied* 83 NY2d 914) for which a *Wade* hearing was not required. Unlike the situation where there is an extended delay in identification, the fact that the officer observed from a distance rather than in a face-to-face undercover transaction does not raise an issue of suggestiveness rendering *Wharton* inapplicable (*cf., People v Mato*, 83 NY2d 406, 410).

We perceive no abuse of discretion in sentencing. Concur— Ellerin, J. P., Wallach, Lerner and Saxe, JJ.