■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROOSEVELT MACK, Appellant. [805 NYS2d 11]—

Judgment, Supreme Court, New York County (Eduardo Padro, J., at suppression hearing; Lewis Bart Stone, J., at jury trial and sentence), rendered June 22, 2004, convicting defendant of crim-

inal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 7 to 14 years, unanimously affirmed.

The court properly denied defendant's suppression motion. The totality of relevant factors supports the conclusion that the officers had reasonable suspicion to stop defendant. The radioed message reported a drug buy at a described location, and that there were two perpetrators, one who was wearing a black jacket and the other who was wearing a black jacket, a black knit cap and brown pants. Since defendant was found within seconds at the specific location, met the latter description, and was the only person present who fit that description, the officer had reasonable suspicion to stop him (*see e.g. People v Ferguson*, 5 AD3d 250 [2004], *lv denied* 3 NY3d 640 [2004]; *People v Rampersant*, 272 AD2d 202 [2000], *lv denied* 95 NY2d 870 [2000]). Moreover, defendant was found a short distance from the other suspect, who was wearing a black jacket as described. Although defendant challenges the officer's assertion that defendant was the only person in the subway station who fit the description at issue, the court's determination crediting the officer's testimony is supported by the record. Defendant's remaining argument concerning events that transpired at the suppression hearing would not entitle him to a new trial, which is the only remedy defendant requests on appeal (*see People v Vega*, 276 AD2d 414 [2000]).

The court properly exercised its discretion in denying, without further inquiry, counsel's eve-of-trial motion to be relieved, since counsel failed to establish good cause (*see People v Linares*, 2 NY3d 507 [2004]). We note that defendant did not ask for counsel to be relieved and that there was no showing of a breakdown of communication and trust between counsel and his client (*see People v Garcia*, 250 AD2d 421 [1998], *lv denied* 92 NY2d 897 [1998]; *compare People v Sides*, 75 NY2d 822 [1990]).

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Saxe, Ellerin, Gonzalez and Catterson, JJ.