■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD TUCKER, Appellant. [806 NYS2d 587]—

Judgment, Supreme Court, New York County (John Cataldo, J., on motion; Dorothy Cropper, J., at suppression hearing, jury trial and sentence), rendered June 1, 2000, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third and fifth degrees, and sentencing him, as a second felony offender, to an aggregate term of 5 to 10 years, unanimously affirmed.

The court properly denied defendant's motion to suppress identification testimony and a key recovered from his person as fruits of an allegedly unlawful arrest. Defendant precisely matched a radioed description of a person who had just completed a drug sale. The description of a black male dressed in all-black clothing and a black hat, sitting on a crate at a specified location, was sufficiently specific to provide probable cause, given the very close temporal and spatial proximity between the sale and the arrest, and the fact that defendant was the only person matching the description (*see e.g. People v Ortiz*, 291 AD2d 273 [2002], *lv denied* 98 NY2d 679 [2002]; *People v Rampersant*, 272 AD2d 202 [2000], *lv denied* 95 NY2d 870 [2000]).

The hearing court properly precluded defendant from raising an issue concerning the search of a mailbox, in which the police found drugs and money after they opened the mailbox by means of the key they had recovered from defendant's person. This issue was beyond the scope of the suppression hearing granted by the motion court. In his moving papers, defendant had not raised any issue about this search and had not made any attempt to establish a privacy interest in the mailbox (*cf. People v Jose*, 252 AD2d 401 [1998], *affd* 94 NY2d 844 [1999]). Concur—Sullivan, J.P., Nardelli, Catterson, McGuire and Malone, JJ.