■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GATLING, Appellant. [831 NYS2d 157]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered August 10, 2005, convicting defendant, upon his plea of guilty, of robbery in the first degree, and sentencing him to a term of eight years, unanimously affirmed.

The court properly denied defendant's suppression motion. The showup identification was not the product of an unlawful seizure. The seizure of defendant, made on the basis of reasonable suspicion, was a brief investigative detention for the

purpose of prompt identification by the victim, and the fact that the police detained defendant at gunpoint and used handcuffs did not transform the detention into an arrest requiring probable cause (*see e.g. People v Erazo*, 256 AD2d.16 [1998], *lv denied* 92 NY2d 1048 [1999]). The detaining officer's knowledge that defendant was suspected of an armed robbery and had already fled from the police and tried to hide, coupled with defendant's resistance to the police at the time of his detention, fully justified the use of handcuffs as a precautionary measure during the brief period in which the police awaited the arrival of the victim (*see People v Foster*, 85 NY2d 1012 [1995]; *People v Allen*, 73 NY2d 378 [1989]).

The showup identification was not unduly suggestive. The showup took place about 45 minutes after the crime (*see People v Brisco*, 99 NY2d 596 [2003] [upholding showup one hour after crime]), and "procedures that are less than ideal may . . . be tolerable in the interest of prompt identification" (*People v Love*, 57 NY2d 1023, 1024 [1982]). Although an officer advised the victim that he would be asked to identify a "possible" suspect, and although while riding in a police car the victim may have overheard radio communications about the pursuit and detention of a suspect, these factors did not render the ensuing identification suggestive, because this type of information "merely conveyed what a witness of ordinary intelligence would have expected under the circumstances" (*People v Williams*, 15 AD3d 244, 246 [2005], *lv denied* 5 NY3d 771 [2005]). Inherent in any showup is the likelihood that an identifying witness will realize that the police are displaying a person they suspect of committing the crime, rather than a person selected at random. We similarly conclude that the identification was not rendered unduly suggestive by the fact that defendant was in handcuffs and guarded by officers when viewed by the victim (*see People v Duuvon*, 77 NY2d 541, 545 [1991]). As we noted above in connection with our discussion of the Fourth Amendment issue, the circumstances justified these security measures. Concur—Andrias, J.P., Friedman, Marlow, Nardelli and Catterson, JJ.