■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAKIMIN WILBURN, Appellant. [837 NYS2d 71]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J., at hearing; Rosalyn Richter, J., at jury trial and sentence), rendered March 15, 2002, convicting defendant of robbery in the first degree (seven counts), robbery in the second degree (four counts), assault in the second degree and criminal possession of stolen property in the fifth degree (two counts), and sentencing him, as a second felony offender, to an aggregate term of 15 years, unanimously affirmed.

The court properly denied defendant's motion to suppress identification testimony, since the prompt showup was not unduly suggestive. As part of an unbroken chain of fast-paced events (*see People v Duuvon*, 77 NY2d 541, 544-545 [1991]), a police car transporting two witnesses arrived at a location on the West Side Highway where defendant and his codefendant had been apprehended. The fact that defendant "may" have been handcuffed, and was viewed in the presence of plainclothes officers and his codefendant, did not render the identification procedure unduly suggestive (*see e.g. People v Moore*, 264 AD2d 693 [1999], *lv denied* 94 NY2d 826 [1999]). While the better practice, when feasible, is not to conduct a showup before multiple witnesses, the procedure conducted here was "tolerable in the interest of prompt identification" (*People v Love*, 57 NY2d 1023, 1024 [1982]), and there is no reason to believe that one witness influenced the other's identification. Finally, we reject, as procedurally impermissible (*see People v Abrew*, 95 NY2d 806, 808 [2000]), those portions of defendant's suppression argument that rest on trial evidence.

At the outset of jury selection, defendant expressed some criticism of his retained counsel, but when the court asked what relief he was seeking, defendant responded that he just wanted the court to be aware of the situation. Contrary to defendant's contention, the record reveals that the court conducted a more than sufficient inquiry into both defendant's complaints about counsel and into counsel's request to be relieved. The remedy available to a defendant who is dissatisfied with his or her *retained* counsel is to discharge that attorney and hire another, but in the months preceding trial defendant never saw fit to do so. In his colloquy with the court, defendant never asked the court for an opportunity to obtain another lawyer, and he expressly advised the court that he did not want any remedy. Although counsel asked to be relieved, the court properly denied

that request since the attorney failed to establish good cause (*see People v Linares*, 2 NY3d 507 [2004]; *People v Mack*, 23 AD3d 220 [2005], *lv denied* 6 NY3d 777 [2006]).

The prosecutor sufficiently complied with her obligations pursuant to CPL 240.45 (1) (b) by turning over a list of a witness's prior convictions, including the names of the crimes of which he was convicted and the date of each conviction (*see People v Adeyemi*, 32 AD3d 755 [2006], *lv denied* 7 NY3d 865 [2006]; *People v Graham*, 289 AD2d 417 [2001], *lv denied* 97 NY2d 754 [2002]), and defendant's arguments on this subject are without merit. Concur—Tom, J.P., Andrias, Nardelli, Williams and Buckley, JJ.