■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAN LANDY, Appellant. [890 NYS2d 540]—

---

The court properly denied defendant's suppression motion in all respects. The description of defendant was sufficiently detailed, given the temporal and spatial factors (*see e.g. People v Rampersant*, 272 AD2d 202 [2000], *lv denied* 95 NY2d 870 [2000]), so as to provide, at the very least, reasonable suspicion warranting an investigatory detention of defendant for prompt identification by the victims (*see People v Hicks*, 68 NY2d 234, 238-239 [1986]). The manner in which the showup was conducted was not unduly suggestive, given the chain of fast-paced events (*see People v Wilburn*, 40 AD3d 508, 509 [2007], *lv denied* 9 NY3d 883 [2007]; *People v Williams*, 15 AD3d 244, 246 [2005], *lv denied* 5 NY3d 771 [2005]). Defendant's statements to the police were spontaneous and not the product of interrogation or its functional equivalent (*see People v Campney*, 94 NY2d 307, 314 [1999]).

The verdict was based on legally sufficient evidence. The dangerous instrument element of first-degree burglary under Penal Law § 140.30 (3), as well as the force element of robbery, was established by evidence that, during the commission of the crime, defendant possessed a sharp piece of metal capable of causing injury, and that he displayed it in a manner that conveyed a threat to stab the victims if they did not comply with his demand for money (*see People v Carter*, 53 NY2d 113, 116 [1981]; *People v Pena*, 50 NY2d 400, 407-408 [1980], *cert denied* 449 US 1087 [1981]).

Defendant's claims regarding the prosecutor's conduct in cross-examination and summation, and regarding the sufficiency of the court's jury instructions, are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Defendant's pro se speedy trial claim is without merit. Defendant's remaining pro se claims are unpreserved or otherwise procedurally defective and we decline to review them in the interest of justice. As an alterna-

tive holding, we also reject them on the merits. Concur— Gonzalez, P.J., Moskowitz, DeGrasse, Manzanet-Daniels and Roman, JJ.