■ The People of the State of New York, Respondent, v Reggie Rogers, Appellant. [897 NYS2d 400]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J., at suppression hearing; Daniel P. FitzGerald, J., at plea and sentence), rendered June 30, 2008, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of 3½ years, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). The arresting officer's testimony that defendant was the only person on one side of a particular block at a particular moment was not implausible. In any event, in this case probable cause does not turn on whether defendant was literally the only person present, or instead was

merely the only person who met the undercover officer's description. In either case, the description, which included defendant's "furry" jacket, was sufficiently specific, given the close spatial and temporal proximity between the sale and the arrest, to provide probable cause (*see e.g. People v Rampersant*, 272 AD2d 202 [2000], *lv denied* 95 NY2d 870 [2000]). There was sufficient proximity to make it "highly unlikely that the suspect had departed and that, almost at the same moment, an innocent person of identical appearance coincidentally arrived on the scene" (*People v Johnson*, 63 AD3d 518 [2009], *lv denied* 13 NY3d 797 [2009]). Concur—Tom, J.P., Friedman, Sweeny, Nardelli and Abdus-Salaam, JJ.