THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ODELL POOLE, Appellant. [897 NYS2d 626]—

Judgment, Supreme Court, New York County (Edward J. Mc-Laughlin, J., at suppression hearing; James A. Yates, J., at jury trial and sentence), rendered August 28, 2006, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of 4½ years, unanimously affirmed.

The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning identification and credibility. The undercover officer gave a detailed and accurate description of defendant's clothing, including the particular brand name of defendant's jacket, and identified him no more than 10 minutes after the sale.

The court properly exercised its discretion in permitting the prosecutor to question defendant's witness regarding the circumstances under which the witness offered, but then declined, to testify for defendant in the grand jury. The extent to which these circumstances affected the witness's credibility was a matter for the jury.

The court properly denied defendant's suppression motion. The description was sufficiently specific to, at the very least, provide reasonable suspicion, given the very close temporal and spatial proximity between the sale and the arrest (see e.g. People v Rampersant, 272 AD2d 202 [2000], lv denied 95 NY2d 870 [2000]). Concur—Tom, J.P., Mazzarelli, Nardelli, Acosta and Renwick, JJ.