■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARIANA COLEMAN, Appellant. [911 NYS2d 288]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J., at hearing; John Cataldo, J., at jury trial and sentence), rendered August 21, 2008, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing her to a term of one year, unanimously affirmed.

The court properly denied defendant's suppression motion. There was probable cause for defendant's arrest, based on a specific description. In this observation sale case, an officer saw defendant make a drug sale to a buyer who was promptly apprehended with drugs in his possession. Although the observing officer lost sight of defendant, he saw her 2½ hours later within a half block of the site of the sale and recognized her as the seller. He then radioed a description of defendant that included the types and colors of several clothing items she was wearing. The description was sufficiently specific, given the close spatial and temporal proximity between the officer's recognition of defendant and the arrest, to provide probable cause (*see e.g. People v Rampersant*, 272 AD2d 202 [2000], *lv denied* 95 NY2d 870 [2000]). There was sufficient proximity to make it "highly

unlikely that the suspect had departed and that, almost at the same moment, an innocent person of identical appearance coincidentally arrived on the scene" (*People v Johnson*, 63 AD3d 518 [2009], *lv denied* 13 NY3d 797 [2009]). Although the sale itself took place hours before the arrest, the observing officer recognized defendant as the particular person who made the sale, and the field team arrested her immediately. Defendant's remaining suppression arguments, including her claim that the police unlawfully searched a closed container, are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

The court properly exercised its discretion in admitting photographs that generally depicted the scene of the crime and the surrounding area. Since the police testimony made it clear to the jury that the photos were not intended to represent the officer's viewpoint or his ability to observe the sale, there was no need for the People to lay a foundation along those lines (*cf. People v Ferrero*, 14 AD3d 447 [2005], *lv denied* 4 NY3d 886 [2005]). In any event, these photos could not have deprived defendant of a fair trial. Concur—Saxe, J.P., Acosta, Freedman, Richter and Abdus-Salaam, JJ.