The court properly denied defendant’s suppression motion. The prompt showup near the scene of the crime was not conducted in an unduly suggestive manner (see e.g. People v Gatling, 38 AD3d 239, 240 [1st Dept 2007], lv denied 9 NY3d 865 [2007]). Defendant did not preserve his current challenge to an officer’s remark at the showup, and we decline to review it in the interest of justice. As an alternative holding, we find that the officer’s statement simply cautioned the victim against making an identification unless he was certain. This did not render the identification suggestive (see People v Guitierres, 82 AD3d 1116, 1117-1118 [2d Dept 2011]). Instead, it tended to reduce the risk of misidentification.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). Moreover, the evidence was overwhelming. Regardless of any weaknesses in the victim’s testimony, defendant’s guilt was established by extensive circumstantial evidence.
By failing to object, by making belated objections (see People v Romero, 7 NY3d 911, 912 [2006]), or by failing to request any specific further relief after the court delivered a curative instruction (see People v Heide, 84 NY2d 943, 944 [1994]; People v Medina, 53 NY2d 951, 953 [1981]), defendant failed to preserve his present challenges to the prosecutor’s summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D’Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
*496 We have considered and rejected defendant’s ineffective assistance of counsel claim (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Concur — Saxe, J.P., Sweeny, Richter, Abdus-Salaam and Román, JJ.