■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAMEL DIXON, Appellant. [25 NYS3d 152]—

Judgment, Supreme Court, New York County (Bruce Allen, J., at hearing; Jill Konviser, J., at jury trial and sentencing), rendered April 12, 2013, convicting defendant of robbery in the third degree, grand larceny in the fourth degree, tampering with physical evidence and resisting arrest, and sentencing him to an aggregate term of 2 to 6 years, unanimously affirmed.

The court properly denied defendant's motion to suppress a showup identification. The prompt showup was not unduly suggestive under the totality of circumstances. As police officers and a victim drove toward the location where defendant was being held by other officers, an officer using a tracking application to locate the victim's stolen phone remarked that they were "close," or "getting closer." This did not necessarily inform the victim that she was about to see the person who had her phone, and the victim did not learn about the recovery of her phone from defendant until after she had made an identification. In any event, "[i]nherent in any showup is the likelihood that an identifying witness will realize that the police are displaying a person they suspect of committing the crime, rather than a person selected at random" (*People v Gatling*, 38 AD3d 239, 240 [1st Dept 2007], *lv denied* 9 NY3d 865 [2007]).

The court also properly denied defendant's motion to suppress a lineup identification made by another victim. The record, including a lineup photograph, supports the hearing court's finding that even though defendant was the youngest participant, the lineup participants were sufficiently similar in appearance that defendant was not singled out for identification (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]).

Defendant did not preserve his other claims regarding the lineup, or his challenges to the evidence supporting the tampering conviction, to the prosecutor's summation, and to the court's charge, and we reject defendant's various arguments with respect to the need for preservation. We decline to review these unpreserved claims in the interest of justice. As an alternative holding, we find no basis for reversal. Concur—Friedman, J.P., Acosta, Andrias, Saxe and Feinman, JJ.