█ The People of the State of New York, Respondent, v Nicholas Vincenty, Appellant. [28 NYS3d 686]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J., at hearing; Juan Merchan, J., at jury trial and sentencing), rendered May 30, 2012, convicting defendant of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of 11 years, unanimously affirmed.

To the extent the existing record permits review, we find that defendant received effective assistance under the state and

federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant asserts that his counsel's admission of ethnic bias in attempting to exercise a peremptory strike resulted in the seating of a potentially unfavorable juror and the subsequent grant of the People's reverse-*Batson* application allowing for the seating of a second potentially unfavorable juror. Initially, we note that in the absence of a showing of ineffective assistance, a defendant is not aggrieved by his or her own attorney's discriminatory use of peremptory challenges (*People v Garcia*, 298 AD2d 107 [1st Dept 2002], *lv denied* 99 NY2d 558 [2002]). Although counsel should have avoided ethnic bias, defendant has not shown that counsel's actions resulted in the seating of any unfair or otherwise unqualified jurors (*see Morales v Greiner*, 273 F Supp 2d 236, 253 [ED NY 2003]). Defendant's claim that a different course of action in jury selection might have resulted in a jury more favorable to the defense is speculative, and would in any event not be sufficient to satisfy the prejudice requirement under the state and federal standards.

Defendant did not preserve his challenge to the procedures by which the court handled the reverse-*Batson* application (*see e.g. People v Meyes*, 112 AD3d 516, 516-517 [1st Dept 2013], *lv denied* 23 NY3d 965 [2014]), and we decline to review it in the interest of justice. As an alternative holding, we find that the court fairly evaluated the People's claim that defense counsel had again exercised a peremptory challenge for the same ethnically-biased reason as in the first instance. The court's finding of pretext, which is supported by the record and based primarily on its assessment of counsel's credibility, is entitled to great deference (*see id.*).

The motion court properly denied defendant's motion to suppress showup identifications. The prompt showup, conducted near the scene of the crime and as part of an unbroken chain of fast-paced events, was not unduly suggestive, and the manner in which the showup was conducted was justified by the exigencies of the case (*see People v Williams*, 87 AD3d 938 [1st Dept 2011], *lv denied* 18 NY3d 863 [2011]). While the better practice, when feasible, is not to conduct a showup before multiple witnesses (*see People v Love*, 57 NY2d 1023, 1024 [1982]), here the officer transporting two witnesses unexpectedly came upon a scene where private security guards were holding defendant, and there was no real opportunity for the officer to arrange for each witness to individually view defendant. In any event, nothing in the record suggests that the witnesses influenced each other's identifications (*see People v Wil-*

*burn*, 40 AD3d 508 [1st Dept 2007], *lv denied* 9 NY3d 883 [2007]).

Defendant's remaining suppression arguments, and his claims relating to events that occurred during jury deliberations, are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Friedman, Richter, Gische and Gesmer, JJ.