■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANAHAN REYES, Appellant. [37 NYS3d 547]—

Judgment, Supreme Court, New York County (Maxwell Wiley, J., at suppression hearing; Bruce Allen, J., at jury trial and sentencing), rendered March 23, 2012, convicting defendant of robbery in the first degree (12 counts), attempted robbery in the first degree (3 counts), robbery in the second degree (4 counts) and of attempted robbery in the second degree, and sentencing him to an aggregate term of five years, unanimously affirmed.

The motion court properly denied defendant's motion to suppress showup identifications. The showup was conducted in close geographic and temporal proximity to the crime "as part of an unbroken chain of fast-paced events" (*People v Vincenty*, 138 AD3d 428, 429 [1st Dept 2016]), including the convergence of numerous witnesses upon the location where the police were holding defendant, and the circumstances, viewed collectively, were not unduly suggestive (*see e.g. People v McNeil*, 39 AD3d 206, 209 [1st Dept 2007], *lv denied* 13 NY3d 861 [2009]; *People v Gatling*, 38 AD3d 239 [1st Dept 2007], *lv denied* 9 NY3d 865 [2007]). The fact that the prompt showup involved multiple witnesses does not require suppression, and nothing indicates that the witnesses influenced each other in making their simultaneous identifications (*see People v Love*, 57 NY2d 1023, 1024 [1982]; *People v Vincenty*, 138 AD3d at 429).

Defendant did not preserve his arguments that the officer conducting the showup made suggestive preidentification comments about recovered property, or that the People failed to establish the absence of suggestive comments by the officers who transported witnesses to the showup, and we decline to review them in the interest of justice. As an alternative holding, we find them unavailing. Concur—Friedman, J.P., Andrias, Richter, Gische and Kahn, JJ.