■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY MCLEAN, Appellant. [39 NYS3d 432]—

Judgment, Supreme Court, New York County (Analisa Torres, J.), rendered January 7, 2013, convicting defendant, after a jury trial, of eight counts of robbery in the first degree, four counts of robbery in the second degree, and two counts of criminal possession of a weapon in the second degree, and sentencing him, as a persistent violent felony offender, to 14 concurrent terms of 25 years to life, unanimously affirmed.

The court properly denied defendant's motion to suppress a showup identification. The showup, which was conducted in close spatial and temporal proximity to the crime, was "part of an unbroken chain of fast-paced events" (People v Vincenty, 138 AD3d 428, 429 [1st Dept 2016]), including the arrival, at the location where defendant was being detained, of a police car transporting three witnesses. The circumstances, viewed collectively, were not unduly suggestive (see e.g. People v Gatling, 38 AD3d 239 [1st Dept 2007], lv denied 9 NY3d 865 [2007]).

Although the better practice, when feasible, is not to conduct a showup before multiple witnesses, or, if possible, to instruct the witnesses not to say anything until afterwards and question them separately, the group identification here was tolerable in the interest of prompt identification, and there is no evidence that the victims influenced each other's identifications (*see People v Love*, 57 NY2d 1023, 1024 [1982]; *People v Wilburn*, 40 AD3d 508 [1st Dept 2007], *lv denied* 9 NY3d 883 [2007]).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Ample evidence, including video surveillance, established that defendant was not a hapless bystander forced to become a getaway driver, but an active participant in the robbery.

Defendant's challenge to the legality of the use of his third-degree weapon possession conviction as a violent predicate felony is unavailing (*see People v Smith*, 27 NY3d 652, 670 [2016] [*McGhee*]).

Defendant's pro se ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters outside the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Defendant's remaining pro se claims are without merit. Concur—Friedman, J.P., Andrias, Saxe, Feinman and Kahn, JJ.