■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR ZUNIGA, Appellant. [53 NYS3d 53]—

Judgment, Supreme Court, New York County (Renee A. White, J., at nonjury trial and sentencing; Melissa C. Jackson, J., at reconstruction hearing), rendered October 13, 2010, convicting defendant of predatory sexual assault against a child, and sentencing him to a term of 15 years to life, unanimously affirmed.

After an inquiry that was sufficient under the circumstances, the court providently exercised its discretion in denying defendant's eve-of-trial request to substitute counsel. Contrary to defendant's argument, the fact that the attorney was retained is relevant, because "[t]he remedy available to a defendant who is dissatisfied with his or her *retained* counsel is to discharge that attorney and hire another" (*People v Wilburn*, 40 AD3d 508, 509 [1st Dept 2007], *lv denied* 9 NY3d 883 [2007]), using refunded unearned fees where applicable (*see People v Wall*, 56 AD3d 361 [1st Dept 2008], *lv denied* 12 NY3d 763 [2009]). While defendant said he wanted a new attorney, he did not tell the court he was seeking to hire new counsel, that he was in a position to do so without undue delay (*see People v Arroyave*, 49 NY2d 264, 271 [1980]), or that he needed or wanted assigned counsel. In any event, the court permitted defendant to voice his complaints against the attorney, and there was no basis for substitution of counsel or for further inquiry (*see People v Porto*, 16 NY3d 93, 99-100 [2010]; *People v Linares*, 2 NY3d 507, 511 [2004]). Moreover, the timing and circumstances of defendant's complaint strongly suggest that it was a delaying tactic (*see People v Medina*, 44 NY2d 199, 206 [1978]).

Although the stenographic notes of the last day of the trial and the sentencing proceeding have been lost and no transcript is available for those dates, a reconstruction hearing sufficed to protect defendant's right to appeal. The judge's notes from the last day of trial, the prosecutor's detailed outline of her sum-

mation and trial counsel's affirmation, which were placed in the record at the hearing, provided an adequate basis to determine whether appealable issues existed (*see People v Glass*, 43 NY2d 283, 286 [1977]). The fact that this was a nonjury trial, where the factfinder is presumed to have disregarded prejudicial matter (*see People v Moreno*, 70 NY2d 403, 406 [1987]), weighs strongly against the concern that the missing minutes may have revealed appealable issues. We have considered and rejected defendant's remaining arguments regarding the lost minutes and the reconstruction hearing.

In introducing evidence of the child victim's prompt outcry, the People appropriately elicited brief and limited details of the sexual conduct reported by the child (*see People v McDaniel*, 81 NY2d 10, 18 [1993]), and there was no prejudice to defendant in any event. Defendant did not preserve his other challenges to the scope of the prompt outcry testimony and to testimony about an uncharged crime (*see People v Graves*, 85 NY2d 1024, 1026-1027 [1995] [appellate claim on different ground from trial objection was unpreserved]), or to his duly executed, open-court jury waiver (*see People v Johnson*, 51 NY2d 986 [1980]), and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.

We perceive no basis for reducing the sentence. Concur— Sweeny, J.P., Acosta, Renwick, Moskowitz and Kahn, JJ.