People v Perez (2019 NY Slip Op 00206)





People v Perez


2019 NY Slip Op 00206


Decided on January 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2019

Friedman, J.P., Gische, Oing, Singh, Moulton, JJ.


8060 1044/15

[*1]The People of the State of New York, Respondent,
v
Jose Perez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Christina Wong of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sabrina Margaret Bierer of counsel), for respondent.



Judgment, Supreme Court, New York County (Richard D. Carruthers, J. at suppression hearing; Juan M. Merchan, J. at jury trial and sentencing), rendered August 31, 2015, convicting defendant of seven counts of petit larceny, and sentencing him to an aggregate term of two years, unanimously affirmed.
The court properly denied defendant's suppression motion. Although there was a substantial gap between the larceny observed by the identifying witness and the showup identification, which occurred shortly after the witness saw defendant again, exigent circumstances justified the showup because the officers, who were in the midst of an undercover operation, needed to know whether they had apprehended the right person or whether they should keep looking for other suspects (see People v Howard, 22 NY3d 388, 402 [2013]). Even assuming the police already had probable cause to arrest defendant, that did not render the showup improper in these circumstances (id. at 403). The allegedly suggestive overall effect of the manner in which the showup was conducted, and an officer's comments to the witness, was not significantly greater than what is inherent in a showup itself (see e.g. People v Gatling, 38 AD3d 239, 240 [1st Dept 2007], lv denied 9 NY3d 865 [2007]).
In any event, regardless of the showup, we find no basis for reversal (see People v Adams, 53 NY2d 241, 252 [1981]), because the record also supports the hearing court's finding that the witness had an independent source for her in-court identification (see People v Williams, 222 AD2d 149, 152-153 [1st Dept 1996], lv denied 88 NY2d 1072 [1996]). The witness, a store loss prevention agent trained to watch the store for shoplifters, had an ample opportunity to observe defendant on surveillance videos and during a face-to-face encounter at the time of a larceny, as well as shortly before the showup.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 10, 2019
CLERK