People v Goding (2019 NY Slip Op 05322)





People v Goding


2019 NY Slip Op 05322


Decided on July 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2019

Richter, J.P., Tom, Gesmer, Kern, Moulton, JJ.


9780 4178/15

[*1]The People of the State of New York, Respondent,
v
Emil Goding, Defendant-Appellant.


Cardozo Criminal Appeals Clinic, New York (Stanley Neustadter of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Ellen Stanfield Friedman of counsel), for respondent.



Judgment, Supreme Court, New York County (Ronald A. Zweibel, J. at suppression hearing; Robert M. Stolz, J. at jury trial and sentencing), rendered January 11, 2017, convicting defendant of two counts of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 16 years to life, unanimously affirmed.
The hearing court properly denied defendant's motion to suppress identification testimony. The showup identification was justified by its close spatial and temporal proximity to the robbery (see People v Duuvon, 77 NY2d 541, 544-545 [1991]). Defendant did not preserve any of his present arguments regarding allegedly suggestive features of the identification, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.
Even if the victim heard a radio transmission that a suspect had been apprehended, this did not render the identification suggestive, because that transmission "merely conveyed what a witness of ordinary intelligence would have expected under the circumstances" (People v Williams, 15 AD3d 244, 245 [1st Dept 2005] lv denied 5 NY3d 771 [2005]), and "[i]nherent in any showup is the likelihood that an identifying witness will realize that the police are displaying a person they suspect of committing the crime, rather than a person selected at random" (People v Gatling, 38 AD3d 239, 240 [1st Dept 2007], lv denied 9 NY3d 865 [2007]). Defendant's remaining arguments are improperly based on trial, rather than hearing, testimony (see People v Abrew, 95 NY2d 806, 808 [2000]), and in any event would not warrant suppression (see Gatling, 38 AD3d at 240).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2019
CLERK