People v Mack (2020 NY Slip Op 01464)





People v Mack


2020 NY Slip Op 01464


Decided on March 3, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2020

Renwick, J.P., Gische, Kern, Singh, JJ.


11168 1300/13

[*1] The People of the State of New York, Respondent,
v
Nathan Mack, Defendant-Appellant.


Janet Sabel, New York (Lorca Morello of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Aaron Zucker of counsel), for respondent.



Judgment, Supreme Court, New York County (Roger S. Hayes, J. at suppression hearing; Arlene D. Goldberg, J. at jury trial and sentencing), rendered April 17, 2014, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of six years, unanimously affirmed.
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations. The court correctly found that defendant's prompt arrest for an undercover drug sale was supported by probable cause (see e.g. People v Rogers, 71 AD3d 457 [1st Dept 2010], lv denied 14 NY3d 892 [2010]). Contrary to defendant's argument, we do not find any significant discrepancies relating to defendant's location or the distinctive clothing item he was wearing. The hearing court providently exercised its discretion when it asked a few clarifying questions relating to probable cause (see People v Arnold, 98 NY2d 63, 67 [2002]; People v Moulton, 43 NY2d 944 [1978]). The record also supports the court's finding that the purchasing and "ghost" undercover officers made confirmatory identifications, as part of a planned procedure, promptly after a drug transaction (see People v Wharton, 74 NY2d 921, 922-923 [1989]). This appeal only presents the issue of whether suppression, after a hearing, was required. Viewed as a whole, the hearing evidence, including testimony as to the respective functions of the two officers, supports the inference that each officer made the type of detailed observation required for a confirmatory identification (see People v Boyer, 6 NY3d 427, 432-433 [2006]).
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility and identification. The record does not cast doubt on testimony that the police recovered prerecorded buy money from defendant.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 3, 2020
CLERK