People v Garcia (2021 NY Slip Op 06055)





People v Garcia


2021 NY Slip Op 06055


Decided on November 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 04, 2021

Before: Acosta, P.J., Renwick, Kapnick, Kennedy, Mendez, JJ. 


Ind No. 3421/15 Appeal No. 14546 Case No. 2016-02744 

[*1]The People of the State of New York, Respondent,
v
Manuel Garcia, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Lawrence T. Hausman of counsel), and Milbank LLP, New York (Thomas A. Quinn of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Rebecca Hausner of counsel), for respondent.



Judgment, Supreme Court, New York County (Ellen N. Biben, J. at hearing; Anthony J. Ferrara, J. at jury trial and sentencing), rendered July 11, 2016, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him to five years' probation, unanimously affirmed.
The court properly denied defendant's motion to suppress identification testimony and physical evidence as fruits of an allegedly unlawful arrest. Under the fellow officer rule (see People v Ketcham, 93 NY2d 416, 419 [1999]), the arresting officer was entitled to rely on information from his sergeant, received in turn from an undercover officer, that a person meeting defendant's description was the second participant in a drug sale, even if the arresting officer was not made aware of the second participant's role in the transaction (see e.g. People v Harris, 305 AD2d 282, 283 [1st Dept 2003], lv denied 100 NY2d 582 [2003]). Furthermore, the sequence of events, as described by the undercover officer in his transmission, supports the inference that defendant participated in the drug sale by transferring drugs (and not some innocuous object) to the codefendant, who immediately sold them to the undercover officer. Defendant's description by the undercover officer was sufficiently specific to provide probable cause to the arresting officer in light of the close temporal and spatial proximity between the drug sale and defendant's arrest (see e.g. People v Tucker, 25 AD3d 382 [1st Dept 2006], lv denied 7 NY3d 764 [2006]). Among other things, the description mentioned that the second participant apparently worked in the store outside of which the drug sale took place, defendant was arrested as he entered the store, and he was the only person in the vicinity that matched the description.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 4, 2021