People v Williams (2021 NY Slip Op 06495)





People v Williams


2021 NY Slip Op 06495


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


818 KA 18-01993

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY C. WILLIAMS, DEFENDANT-APPELLANT. 






AMDURSKY, PELKY, FENNELL & WALLEN, P.C., OSWEGO (COURTNEY S. RADICK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Oswego County (James W. McCarthy, J.), rendered September 13, 2018. The judgment convicted defendant upon a jury verdict of criminal sexual act in the first degree, attempted rape in the third degree, rape in the third degree and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal sexual act in the first degree (Penal Law § 130.50 [2]). We affirm.
Weight of the evidence review "involves a 'two-step approach' wherein a [reviewing] court must (1) 'determine whether, based on all the credible evidence, an acquittal would not have been unreasonable'; and[, if yes,] (2) 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (People v Sanchez, 32 NY3d 1021, 1023 [2018]; see People v Delamota, 18 NY3d 107, 116-117 [2011]). We thus reject defendant's contention that a guilty verdict is automatically against the weight of the evidence whenever an acquittal would not have been unreasonable (see People v Danielson, 9 NY3d 342, 348-349 [2007]; People v Bleakley, 69 NY2d 490, 495 [1987]). We also reject defendant's ineffective assistance of counsel claim (see People v Tetro, 181 AD3d 1286, 1288 [4th Dept 2020], lv denied 35 NY3d 1070 [2020]; People v Vincenty, 138 AD3d 428, 428-429 [1st Dept 2016], lv denied 27 NY3d 1156 [2016]; People v Martinez, 35 AD3d 156, 157 [1st Dept 2006], lv denied 8 NY3d 924 [2007]). The sentence is not unduly
harsh or severe. Defendant's remaining contentions are unpreserved.
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court