People v Scott (2024 NY Slip Op 00383)

People v Scott

2024 NY Slip Op 00383

Decided on January 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2024

Before: Singh, J.P., Kapnick, Kennedy, Higgitt, Michael, JJ. 

Ind. No. 3639/16 Appeal No. 1556 Case No. 2018-4540 

[*1]The People of the State of New York, Respondent,
v
David Scott, Defendant-Appellant.

Caprice R. Jenerson, Office of Appellate Defender, New York (Rosemary Herbert of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Sylvia Wertheimer of counsel), for respondent.

Judgment, Supreme Court, New York County (Abraham Clott, J.), rendered April 26, 2018, convicting defendant, after a jury trial, of two counts of robbery in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 12 years, unanimously affirmed.
The court properly denied defendant's suppression motion. The police had reasonable suspicion to detain defendant, given the victim's description of the robbers, combined with the overheard "nervous" and "frantic" conversation between two men about having gotten away, and the officers' subsequent observation of defendant carrying items matching the reported stolen property, which occurred in close spatial proximity to the crime and during the early morning hours (see People v Cook, 161 AD3d 708, 708-709 [1st Dept 2018], affd 34 NY3d 412 [2019]; People v Brujan, 104 AD3d 481, 481 [1st Dept 2013], lv denied 21 NY3d 1014 [2013]). There was a satisfactory explanation for the discrepancy between the victim's description of what the robbers were wearing and the shirt defendant wore.
The court also properly denied defendant's motion to suppress the showup identification. The showup was conducted in close geographic and temporal proximity to the crime "as part of an unbroken chain of fast-paced events" (People v Vincenty, 138 AD3d 428, 429 [1st Dept 2016], lv denied 27 NY3d 1156 [2016]), and the fact that defendant was handcuffed, surrounded by officers, and had a patrol car's spotlight on him did not render it unduly suggestive (see People v McNeil, 39 AD3d 206, 209 [1st Dept 2007]; People v Gatling, 38 AD3d 239, 240 [1st Dept 2007], lv denied 9 NY3d 865 [2007]).
Defendant's waiver of his right to counsel was knowing and voluntary. Defendant unequivocally informed the court that he wished to waive his right to counsel and proceed pro se (see People v Silburn, 31 NY3d 144, 150-151 [2018]), notwithstanding his initial request for new counsel. The court conducted the requisite "searching inquiry," which included a discussion of defendant's background, the charges against him, his sentencing exposure, and the potential disadvantages of self-representation (see People v Crampe, 17 NY3d 469, 481-482 [2011], cert denied 565 US 1261 [2012]; People v Cole, 120 AD3d 72, 75 [1st Dept 2014], lv denied 24 NY3d 1082 [2014]).
By failing to object or making only a general objection, defendant failed to preserve his challenges to the prosecutor's remarks on summation (see People v Romero, 7 NY3d 911, 912 [2006]), and we decline to review them in the interest of justice. As an alternative holding, we find that the remarks were fair comments in response to defendant's summation or fell within the bounds of permissible rhetorical comment (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]).
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January [*2]30, 2024