People v McRae (2025 NY Slip Op 02162)

People v McRae

2025 NY Slip Op 02162

Decided on April 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 15, 2025

Before: Webber, J.P., Friedman, Kapnick, Rodriguez, Rosado, JJ. 

Ind. No. 1119/16|Appeal No. 4095|Case No. 2018-703|

[*1]The People of the State of New York, Respondent,
v
Kenneth McRae, Appellant.

Twyla Carter, The Legal Aid Society, New York (Paul Wiener of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Margaret Crookston of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert Stolz, J. at suppression hearing; Felicia A. Mennin, J. at trial and sentencing), rendered April 19, 2017, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to four years probation, unanimously affirmed.
The hearing court properly denied defendant's motion to suppress physical evidence. Under the fellow officer rule (see People v Ketcham, 93 NY2d 416, 419 [1999]), the arresting officer was entitled to rely on the description of a drug seller provided by radio transmission by a ghost undercover officer during a buy-and-bust operation. Within one minute of the transmission, the arresting officer arrived at the location of the reported narcotics sale and saw defendant, who matched the description, in the immediate vicinity. The description, which included defendant's red sneakers, "was sufficiently specific, given the close spatial and temporal proximity between the sale and the arrest," to provide reasonable suspicion to detain defendant pending a confirmatory identification by the primary undercover officer who purchased the narcotics (People v Rogers, 71 AD3d 457, 458 [1st Dept 2010], lv denied 14 NY3d 892 [2010]; see People v Nelson, 24 AD3d 253, 254 [1st Dept 2005], lv denied 6 NY3d 816 [2006]). The combination of these facts make it "highly unlikely that the suspect had departed and that, almost at the same moment, an innocent person of identical appearance coincidentally arrived on the scene" (People v Johnson, 63 AD3d 518 [1st Dept 2009], lv denied 13 NY3d 797 [2009]).
The court providently exercised its discretion and responded meaningfully to a note from the deliberating jury (see generally People v Aguilar, 41 NY3d 335, 338 [2024]; People v Malloy, 55 NY2d 296, 301-302 [1982], cert denied 459 US 847 [1982]), when it declined to give a simple "yes" or "no" answer, either of which would have improperly "undermine[d] defense arguments or preclude[d] the drawing of reasonable inferences" (People v Alvarez, 217 AD3d 483, 484 [1st Dept 2023], lv denied 40 NY3d 1038 [2023]). Instead, the court directed the jury's attention to two exhibits in evidence, from which the jury could have reasonably inferred either a yes or a no answer to their question. Although invited to do so, the jury did not "seek further instruction or clarification" which supports the conclusion that the trial court "correctly interpreted the jury note and responded meaningfully and with the complete information sought" (Aguilar, 41 NY3d at 339).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 15, 2025