People v Berkley (2025 NY Slip Op 02855)

People v Berkley

2025 NY Slip Op 02855

Decided on May 08, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 08, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Mendez, Rodriguez, JJ. 

SCI No. 72956/23|Appeal No. 4315|Case No. 2023-04436|

[*1]The People of the State of New York, Respondent,
v
Lacquan Berkley, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Emilia King-Musza of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Lindsey Richards of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Jeffrey M. Zimmerman, J.), rendered August 24, 2023, convicting defendant, upon his plea of guilty, of criminal possession of a firearm, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.
Defendant's valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US , 140 S Ct 2634 [2020]) forecloses review of his Second Amendment claim that the requirements that a gun licensee be of "good moral character" and never convicted of "a felony or serious crime" are unconstitutional (see People v Johnson, 225 AD3d 453, 455 [1st Dept 2024], lv granted 42 NY3d 939 [2024]).
In any event, defendant's Second Amendment claim is unpreserved because it was not raised in the trial court, and we decline to consider it in the interest of justice (see People v Martinez, 231 AD3d 448, 449 [1st Dept 2024], lv denied 42 NY3d 1081 [2025]). Defendant's argument that we should review his claim because counsel's failure to move for dismissal on Second Amendment grounds constituted ineffective assistance of counsel is unpersuasive. This claim is not reviewable on direct appeal because "it involves matters not reflected in the record and, thus, must be raised in a CPL 440.10 motion" (People v Holder, 224 AD3d 513, 514 [1st Dept 2024], lv denied 41 NY3d 1018 [2024]). Based on the existing record, to the extent it permits review, we find that defendant has not demonstrated that counsel's failure to raise his Second Amendment complaints at the trial level constituted ineffective assistance under either the federal or state standard (see People v Vincenty, 138 AD3d 428, 428-429 [1st Dept 2016], lv denied 27 NY3d 1156 [2016]; see also Strickland v Washington, 466 US 668 [1984]; People v Benevento, 91 NY2d 708, 713-714 [1988]). In any event, an attorney cannot be deemed ineffective for failing to pursue a course of action that has "little or no chance of success" (People v Caban, 5 NY3d 143, 152 [2005]; People v Diallo, 232 AD3d 427 [1st Dept 2024], lv denied 43 NY3d 930 [2025]).
As an alternative holding, we conclude, based on the present record, that defendant lacks standing to assert his Second Amendment claims (see People v Khan, 225 AD3d 552 [1st Dept 2024], lv denied 41 NY3d 1019 [2024]), and has not demonstrated that the statute is unconstitutional. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 8, 2025