People v De Los Santos (2026 NY Slip Op 00065)

People v De Los Santos

2026 NY Slip Op 00065

Decided on January 08, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 08, 2026

Before: Moulton, J.P., González, Mendez, Rodriguez, Pitt-Burke, JJ. 

Ind No. 72477/22|Appeal No. 5541|Case No. 2023-06363|

[*1]The People of the State of New York, Respondent,
vJose De Los Santos, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Phoenix Rice-Johnson of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Julianna Sousou of counsel), for respondent.

Judgment, Supreme Court, New York County (Brendan T. Lantry, J.), rendered November 14, 2023, convicting defendant, after a jury trial, of robbery in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.
The court properly denied defendant's motion to suppress the showup identification, which was "conducted in close geographic and temporal proximity to the crime" (People v Ortiz, 90 NY2d 533, 537 [1997]) and "as part of an unbroken chain of fast-paced events" (People v Vincenty, 138 AD3d 428, 429 [1st Dept 2016], lv denied, 27 NY3d 1156 [2016]). The showup was not rendered unduly suggestive by the fact that defendant was handcuffed and held by officers, while additional officers and police vehicles remained in the vicinity, as the officers believed the suspect may have been armed (see People v Wright, 42 NY3d 708, 720 [2024]; People v Gilford, 16 NY3d 864 [2011]; People v Scott, 223 AD3d 626, 627 [1st Dept 2024], lv denied 41 NY3d 985 [2024]), and "the overall effect of the allegedly suggestive circumstances was not significantly greater than what is inherent in any showup" (People v Brujan, 104 AD3d 481, 482 [1st Dept 2013], lv denied 21 NY3d 1014 [2013]). The overall explanation by the officer who transported the witness to the showup did not "render the ensuing identification suggestive, because this type of information merely conveyed what a witness of ordinary intelligence would have expected under the circumstances" (People v Gatling, 38 AD3d 239, 240 [1st Dept 2007] [internal quotation marks omitted], lv denied 9 NY3d 865 [2007]).
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, 43 NY3d 26 [2024]). The record supports the jury's conclusion that defendant threatened the immediate use of physical force to compel delivery of the property (see Penal Law §§ 155.05, 160.00, 160.05; see also People v Woods, 41 NY2d 279, 283 [1977]). The bank's video surveillance footage and the teller's testimony established that defendant entered the bank wearing a hoodie with the hood raised, reflective blue sunglasses, and a blue surgical mask, and he handed the teller a note demanding money, which "can only be reasonably viewed as implied threats of force" (People v McDowell, 200 AD3d 502 [1st Dept 2021], lv denied 38 NY3d 952 [2022]; see also People v Cook, 206 AD3d 1236, 1238-1239 [3d Dept 2022]). Moreover, immediately after passing the teller the note, defendant reached into his pocket and leaned forward, creating the impression that he had a ready weapon (People v Sandson, 173 AD3d 905, 906 [2d Dept 2019], lv denied 33 NY3d 1108 [2019]). Under these circumstances, the "chain of actions" committed by defendant demonstrated that there was a threat of immediate physical force (People v Villanueva, 148 AD3d 210, 214 [1st Dept 2017], lv denied 29 NY3d 1088 [2017]).
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 8, 2026